UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

George S. Strader, Jr.,

    Plaintiff,

    v.

American Federation of State,
County and Municipal Employees,
Local 1027, *et al.*,

    Defendants.

Case No. 1:04cv829

Judge Michael R. Barrett

## ORDER AND OPINION

This matter is before the Court upon Defendants Local 1027, American Federation of State, County and Municipal Employees, AFL-CIO ("Local 1027") and Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO's ("Ohio Council 8") Motion to Dismiss (Doc. 7).  Plaintiff George S. Strader, Jr. has filed a Memorandum in Opposition (Doc. 13), and Defendants have filed a Reply (Doc. 13).  Also before the Court is Defendants Local 1027 and Ohio Council 8's Supplemental Motion to Dismiss (Doc. 31) and Plaintiff Strader's Motion to Strike Defendant's Supplemental Motion to Dismiss (Doc. 33).

**I.**     **FACTUAL BACKGROUND**

This case arises out of the termination of Strader's employment.  (Doc. 2)  Strader was formerly employed as a Senior Maintenance Worker by Defendant Cincinnati Metropolitan Housing Authority.  (Id. ¶ 6)  Local 1027 and Ohio Council 8 were Strader's collective bargaining representatives.  (Id. ¶¶ 7-8)

## II. ARGUMENTS OF THE PARTIES

Local 1027 and Ohio Council 8 argue that Strader's claims against them for breach of duty of fair representation (Count 1) and breach of duty of fair representation in violation of public policy (Count 2) should be dismissed pursuant Federal Rules 12(b)(1) and 12(b)(6). Specifically, Local 1027 and Ohio Council 8 argue this Court lacks jurisdiction over these claims because the Cincinnati Metropolitan Housing Authority, as a public employer, and its employees are not covered by the Labor Management Relations Act, 29 U.S.C. § 151, *et seq*. Strader counters that while it may have been "inartfully drafted," the Amended Complaint states a claim of race discrimination against these Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Local 1027 and Ohio Council 8 reply that even if the Amended Complaint could be read to make out such claims, Strader's discrimination claims must be dismissed because (1) Strader failed to exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission or the Ohio Civil Rights Commission; (2) this Court does not have personal jurisdiction over Local 1027 and Ohio Council 8 because they were not named in the EEOC charge; (3) Strader has not obtained a right to sue letter against Local 1027 and Ohio Council 8; and (4) Strader's Title VII claims are barred by the applicable statute of limitations.

## III. ANALYSIS

### A. Motion to Dismiss Standard

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D.Ohio 2002). A facial

attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, Defendants' motion attacks the sufficiency of the pleadings, and is therefore a facial attack.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires this Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him or her to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied*, 498 U.S. 867 (1990). However, this Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### B. Applicability of LRMA

"Public employees of the political subdivisions of a state are not governed by the federal labor laws." *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n (DPOA)*, 821 F.2d 328, 332 (6th Cir. 1987); *see also* 29 U.S.C. § 152(2) (excluding from the definition of employer "any State or political subdivision thereof."). The Supreme Court has held that an entity is exempt from the NLRA if it is either "(1) created directly by the state, so as to constitute [a] department[ ] or administrative arm[ ] of the government, or (2)

administered by individuals who are responsible to public officials or to the general electorate." *NLRB v. Natural Gas Util. Dist.*, 402 U.S. 600, 604-05 (1971). There appears to be no dispute that the Cincinnati Metropolitan Housing Authority is a public subdivision of the State of Ohio. *See* Ohio Rev. Code § 3735.50, ("A metropolitan housing authority, created under section 3735.27 of the Revised Code, constitutes a political subdivision of the state within the meaning of section 5739.02 of the Revised Code.")

Since Strader was an employee of a political subdivision of the State of Ohio, he cannot assert a claim under the LRMA. *Accord West v. Perry*, 1995 WL 478624, *1 (6th Cir. 1995) (unpublished), *citing City of Saginaw v. Service Employees Int'l Union, Local 446-M*, 720 F.2d 459, 461-62 (6th Cir. 1983); *see also City of Saginaw v. Service Employees Intern. Union, Local 446-M*, 720 F.2d 459, 462 (6th Cir. 1983) (holding that since a governmental employer is involved, federal jurisdiction over such a suit does not exist), *citing Ayres v. International Broth. of Elec. Workers*, 666 F.2d 441, 444 (9th Cir.1982); *Crilly v. Southeastern Pa. Transp. Authority*, 529 F.2d 1355 (3d Cir.1976). Accordingly, this Court must dismiss Strader's for breach of duty of fair representation (Count 1) and breach of duty of fair representation in violation of public policy (Count 2).

**C.   Title VII**

Under Title VII, employment discrimination plaintiffs must exhaust all administrative remedies before seeking relief in federal court. *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976).[1] Moreover, Title VII authorizes the filing of a suit only "against the respondent

---

[1] The Sixth Circuit has held that the failure to exhaust administrative remedies should be treated " 'like a statute of limitations' that is subject to waiver, estoppel and equitable tolling." *Boddy v. Dean*, 821 F.2d 346, 350 (6th Cir. 1987), *quoting Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982). However, Strader does not argue that waiver or estoppel is applicable.

named in the charge." 42 U.S.C. § 2000e-5(f)(2). Thus, "a party not named in an EEOC charge may not be sued under Title VII." *A've v. Service Employees Intern. Union*, 2001 WL 1450668, *3 (6th Cir. 2001) (unpublished), *quoting Romain v. Kurek*, 772 F.2d 281, 283 (6th Cir. 1985). Strader does not contend that he attempted to pursue any administrative remedies with the EEOC or the OCRC relative to his claims against Local 1027 or Ohio Council 8, and there is no evidence in the record that Strader did so.

Therefore, the Court finds that even if the Amended Complaint could be construed as stating a claim under Title VII against Local 1027 and Ohio Council 8, Strader has not exhausted his administrative remedies. Accordingly, any Title VII claims against Local 1027 or Ohio Council 8 must be dismissed.

    **D.**    **Supplemental Motion to Dismiss**

Strader argues that Local 1027 and Ohio Council 8's Supplemental Motion to Dismiss should be stricken as untimely and in violation of this Court's scheduling order. Defendants' Supplemental Motion states that it is a renewed request that this Court dismiss the claims against them. The Court finds that such a motion is unnecessary, and accordingly will strike Defendants Local 1027 and Ohio Council 8's Supplemental Motion to Dismiss.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants Local 1027 and Ohio Council 8's Motion to Dismiss (Doc. 7) is **GRANTED**;

    a. Counts I and II of the Amended Complaint shall be dismissed;

    b. Defendants Local 1027 and Ohio Council 8 shall be dismissed as parties;

2. Plaintiff Strader's Motion to Strike Defendant's Supplemental Motion to

Dismiss (Doc. 33) is **GRANTED**; and

a. Defendants Local 1027 and Ohio Council 8's Supplemental Motion to Dismiss (Doc. 31) shall be stricken from the record.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett, Judge
                                                  United States District Court